## THOMAS LEAVITT *vs.* AMOS TOWLE.

Where A conveyed to L a parcel of land by metes and bounds, with the fol-
lowing exceptions : " Including all within the above mentioned bounds ex-
cepting a road laid out through said premises by a committee from court,"
it was *held* that the exception embraced only the easement, or right of the pub-
lic in the road, and not the soil.

THIS was an action of trespass, in which the plaintiff
alleged that the defendant, on the first day of May, 1834,
broke and entered his close in Hampton, at Great Boar's
Head, so called, containing two and a half acres, more or
less, and bounded, &c., and then and there dug up and car-
ried away a great quantity of earth and gravel, &c.

The plaintiff, in support of the action, produced a deed
from the defendant of the close described in the declaration,
dated the 24th day of November, A. D., 1828, which deed,
after describing the land by metes and bounds, proceeds as
follows : " Including all within the above mentioned bounds,
excepting a road laid out through said premises by commit-
tee from court."

It was admitted by the parties that at the time of giving
said deed a road had been laid out and then existed through
the land described ; and it was admitted also that the tres-
passes mentioned in the plaintiff's declaration were commit-
ted by the defendant in and upon the ground over which
said road passed.

The case was submitted to the court upon an agreed state-
ment of facts; and the only question for decision was,
whether said exception included the soil over which the road
run, or only the easement of the road.

*Bell*, for the plaintiff.

*Bartlett* and *Emery*, for the defendant.

GREEN, J.   A deed is to be construed most strongly against

the grantor.　By this rule the exception can only embrace the easement, or right of the public to pass over the land appropriated for the road, and not the soil itself.　A literal and strict construction of the exception necessarily leads to this conclusion.　It is difficult to understand how the soil over which a road passes can be transferred by a conveyance of the road.　The road is the right of passage in the public, and for every other purpose but repairs, the soil belongs to the original owner.

Was a grant to be made of land over which a road runs, it would hardly be thought by any one that a grant of the road would convey the soil over which it passes.　Had it been the intention of the defendant to reserve his right to the soil, it might easily have been so expressed; and it is difficult to conjecture any object of profit or advantage the defendant could have had in view in reserving his title to so narrow a strip through two and a half acres of land.　Upon the whole, we are satisfied that the exception extends only to the easement, or right of passage in the public ; and that the soil over which the road passed was transferred to the plaintiff as a part of the two and a half acres, and that the exception was inserted for the only purpose of protecting the defendant from being answerable on his covenants in the deed, on account of the road.　1 *Conn. Rep.* 103—124.

According to the agreement of the parties,

*Judgment must be entered for the plaintiff.*